No. 312

ROOSEVELT HOTEL BUILDING CO. v.
CLEVELAND (City)

Ohio Appeals 8th Dist., Cuyahoga Co.

No. 7681

**455. EMINENT DOMAIN**—Where the issue raised by proceedings in appropriation is whether or not the municipality intends appropriating the property for a public use, injunction will lie to halt further proceedings in the appropriating court.

First Publication of this Opinion

SULLIVAN, J.

This cause is here on appeal from the Cuyahoga Common Pleas and the Roosevelt Hotel Building Co. seeks by injunctive process to restrain the Insolvency Court from proceeding further in proceedings begun therein for the appropriation of private property for public use, instituted by the City of Cleveland, as plaintiff.

The city, to sustain its action depended upon certain legislation of the city council as a basis for its right to appropriate some 20x100 feet of property located on Euclid Avenue for the purpose of widening said thoroughfare, said legislation consisting of a resolution declaring the necessity of such widening as well as an ordinance passed in pursuance of the resolution.

The question raised by the company in its petition for injunctive relief is that the taking of the property is not for public use, and that the legislation enacted is not sufficient to clothe the city with power to appropriate; and that the Company's constitutional rights are violated in the attempt to appropriate the property in question, in the state of the present legislation. The city claimed that under the right of eminent domain its right to take the property for public use is unquestioned; that the court has no power to grant injunctive relief for the reason that there is an adequate remedy at law; and that the questions raised in the instant case can be determined in the appropriation proceedings pending in the Insolvency Court.

The Company maintains that the Insolvency Court has no jurisdiction in the case since the essential issue is whether, under the record of the case, the taking is for a public use. The Court of Appeals held:

1. There is no doubt about the right under the pleadings and the record, to grant injunctive relief and restrain the proceedings to appropriate, providing the issue is to determine whether the taking is for a public use or whether such use will sustain the compulsory taking of private property.

2. Under the issues raised by the pleadings and the record herein, injunction will lie to halt further proceedings in the appropriating court.

3. In a proceeding by the council of a municipal corporation to appropriate property against the will of the owner, for the purpose of extending a street, it is necessary for the council to pass the preliminary resolution and give notice to the owners of the land as required by 1536-105 GC.; but the probate court - - - has no jurisdiction to determine whether the preliminary resolution so required was passed - - - the only remedy of the land owners in such case is an action to restrain the municipality from proceeding to assess compensation, and from taking possession of the property. Railroad Co. v. City, 5 C. C. (n.s.) 332.

4. "A party has no adequate legal remedy if it exists wholly within the discretion of the court. To be adequate and legal it should be one that he can invoke without let or hindrance, as the assertion of his rights."

5. The legislation upon which the appropriation proceedings are based is invalid by reason of the non-compliance with peremptory requirements of the charter and statutes. The record fails to disclose a general plan and purpose consonant with public use as contemplated by law, and under the record there is such a manifest abuse of power that it amounts to a violation of the constitution and the laws relative to due process.

Decree in favor of plaintiff.

(Levine, PJ., concurs; Vickery, J., dissents.)

Attorneys—Mooney, Hahn, Loeser & Keough for plaintiff; Carl Shuler, Director of Law and Alfred Clum, Asst. Director of Law, for defendant; all of Cleveland.